**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **FERNANDO AND LAURA SILVA** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO._____** |
| | § | **JURY REQUESTED** |
| **STATE FARM LLOYDS** | § | |

## DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

STATE FARM LLOYDS (hereinafter, "State Farm"), Defendant in the above-styled and numbered cause, files this Notice of Removal of the present action from County Court At Law, Court #2, of Montgomery County, Texas to the United States District Court for the Southern District of Texas, Houston Division.  In connection with this Notice of Removal, State Farm would respectfully show unto the Court as follows:

## I.
### PROCEDURAL BACKGROUND

1.  Plaintiffs Fernando and Laura Silva filed this action on July 21, 2015 against State Farm Lloyds in County Court at Law #2 in Montgomery County, Texas. That case was docketed under cause number 15-07-07348 (the "State Court Action").

2.  State Farm was served with process on August 3, 2015, and filed an answer on August 21, 2015.

3.  State Farm files this Notice of Removal pursuant to 28 U.S.C. §1446 to remove the State Court Action from the County Court at Law #2 in Montgomery County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

4.      Plaintiffs' Original Petition filed in the State Court Action included a jury demand.

## II.
### NATURE OF SUIT

5.      This lawsuit involves a dispute over the alleged non-payment of insurance benefits and the handling of Plaintiffs' claim for damages allegedly caused by a hailstorm or windstorm "on or around August 11, 2014." Petition at ¶ 8. Plaintiff asserts causes of action for negligence, breach of contract, breach of the duty of good faith and fair dealing, breach of fiduciary duty, misrepresentation, common law fraud, and violations of the Deceptive Trade Practices Act and Texas Insurance Code.

## III.
### BASIS OF REMOVAL

6.      The Court has jurisdiction over this action under 28 U.S.C. § 1332 because there is and was complete diversity between all parties and the amount in controversy exceeds $75,000, exclusive of interests and costs.

7.      At the time this action was commenced, Plaintiffs Fernando and Laura Silva were, and still are, residents of Montgomery County, Texas.  Petition at ¶ 3.

8.      The citizenship of an unincorporated association is determined by the citizenship of each member of the entity, not by the state where the entity is organized.  *See Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1080 (5th Cir.2008); *see also, e.g., See Royal Ins. Co. v. Quinn-L Capital Corp.,* 3 F.3d 877, 882-83 (5th Cir. 1993) (citizenship of unincorporated association determined by citizenship of members); *Griggs v. State Farm Lloyds,* 181 F.3d 694, 698 (5th Cir. 1999) (finding that State Farm Lloyds is a citizen of Illinois); *Alonzo v. State Farm Lloyds,* No. SA-06-SA-0326-XR, 2006 WL 1677767, at *1 (W.D. Tex. June 12, 2006) (State

Farm Lloyds held to be diverse from Texas plaintiffs); *Caballero v. State Farm Lloyds,* No. CA-C-03-266, 2003 WL 23109217, at *1 (S.D. Tex. Oct. 31, 2003) (same); *Rappaport v. State Farm Lloyds,* No. 3:97-CV-2747, 1998 WL 249211, at *2 (N.D. Tex. May 8, 1998) (same).

9       State Farm is an association of individual underwriters authorized to conduct business in Texas as a Lloyd's plan insurer as defined and set out in Chapter 941 of the Texas Insurance Code. At the time this action commenced, State Farm was, and still is, an unincorporated insurance association whose underwriters were, and still are, citizens of states other than Texas. Accordingly, State Farm is not a citizen of the State of Texas.  *See* Verification below.

10.     Plaintiffs' Original Petition expressly alleges damages in excess of $100,000 satisfying the "amount in controversy" requirement of 28 U.S.C. § 1332(a).  Petition at ¶ 70.

## IV.
## REMOVAL PROCEDURES

11.     State Farm was served with process on August 3, 2015. This Notice of Removal is being filed on September 2, 2015.  Accordingly, this Notice of Removal is timely filed within 30 days of when Defendant received a copy of Plaintiff's Original Petition and within one year of the commencement of this suit. *See* 28 U.S.C. § 1446(b).

12.     Plaintiff filed this action in Montgomery County, Texas.  The Houston Division of the Southern District of Texas encompasses Montgomery County, Texas.  *See* 28 U.S.C. § 124(b)(2). Thus, venue is proper because this district and division embrace the place where the state court action is pending.  *See* 28 U.S.C. § 1441(a).

13.     All information and documents required by 28 U.S.C. § 1446(a) and by Local Rule 81 to be filed with this Notice of Removal are attached and indexed in Exhibit A.

14.     A copy of this Notice of Removal will be filed with the Montgomery County District Clerk's office and served on the Plaintiffs promptly.  *See* 28 U.S.C. § 1446(d).

**V.**
**PRAYER**

State Farm Lloyds respectfully requests that the above-styled action now pending in County Court at Law #2 in Montgomery County, Texas be removed to this Honorable Court pursuant to the Court's diversity jurisdiction, that upon final trial, judgment be rendered that Plaintiffs take nothing by their suit against State Farm Lloyds, and for such other and further relief to which State Farm Lloyds may be justly entitled.

Respectfully submitted,

**GERMER PLLC**

By: _____

Dale M. "Rett" Holidy
State Bar No. 00792937
Federal I.D. No. 21382
Three Allen Center
333 Clay Street
Houston, Texas 77002
Telephone: (713) 650-1313
Facsimile: (713) 739-7420
rholidy@germer.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT, STATE FARM LLOYDS**

**OF COUNSEL:**

**GERMER PLLC**
James A. Tatem
State Bar No. 00785086
Federal I.D. No. 16798
Three Allen Center
333 Clay Street, Suite 4950
Houston, Texas 77002
Telephone: (713) 650-1313
Facsimile: (713) 739-7420
jatatem@germer.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to all known counsel pursuant to the Federal Rules of Civil Procedure on this the 2nd day of September, 2015.

**DALE M. "RETT" HOLIDY**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **FERNANDO AND LAURA SILVA** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO._____** |
| | § | **JURY REQUESTED** |
| **STATE FARM LLOYDS** | § | |

## VERIFICATION

| | |
|---|---|
| **THE STATE OF ILLINOIS** | § |
| | § |
| **COUNTY OF MCLEAN** | § |

BEFORE ME, the undersigned authority, on this day personally appeared Jim Larson, who, being first duly sworn by me, did depose and state as follows:

"My name is Jim Larson. I am over the age of eighteen (18) years and fully competent to make this verification.

I am an Assistant Secretary – Treasurer of State Farm Lloyds, Inc. ("Lloyds, Inc."), the attorney-in-fact for State Farm Lloyds. I am also an Assistant Vice President – Accounting of State Farm Mutual Automobile Insurance Company ("State Farm Mutual"). As part of my job duties for State Farm Mutual, I oversee a department that prepares and files the Annual Statements and similar filings for State Farm Mutual and each of its property and casualty insurance subsidiaries and affiliates, including State Farm Lloyds. As an officer of these State Farm companies, I have knowledge of their respective directors, principal officers or underwriters, the type of entity each is, and other similar information.

I have read paragraph 9 of Defendant State Farm Lloyds's Notice of Removal and declare that all the facts contained therein are true and correct."

_____
Jim Larson

SWORN AND SUBSCRIBED TO before me on August 27 , 2015.

_____
Karen Hamilton
Notary Public in and for the
State of Illinois

> **OFFICIAL SEAL**
> Karen Hamilton
> NOTARY PUBLIC - STATE OF ILLINOIS
> My Commission Expires: 01/07/2018

**EXHIBIT A**

**LIST OF ATTORNEYS/PARTIES**

1.      Clayton Hardin
        Scott Hunziker
        Bill L. Voss
        Scott Hunziker
        THE VOSS LAW FIRM, PC
        26619 Interstate 45 South
        The Woodlands, Texas 77380
        Telephone: (713) 861-0015
        Facsimile: (713) 861-0021

*Attorney for Plaintiff*

2.      Dale M. "Rett" Holidy
        James Tatem
        GERMER PLLC
        Three Allen Center
        333 Clay Street, Suite 4950
        Houston, Texas 77002
        Telephone: (713) 650-1313
        Facsimile: (713) 739-7420

*Attorney for Defendant*

**INDEX OF DOCUMENTS FILED
WITH REMOVAL ACTION**

**FERNANDO AND LAURA SILVA VS. STATE FARM LLOYDS**

        (a)     Plaintiff's Original Petition and Jury Demand;
        (b)     Citation on Defendant;
        (c)     Defendant's Original Answer; and
        (d)     Docket/Case Summary Sheet.

Received and E-Filed for Record
7/21/2015 11:15:48 AM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

CAUSE NO. 15-07-07348

| | | |
|---|---|---|
| **FERNANDO & LAURA SILVA,** | § | **IN THE DISTRICT COURT** |
| **Plaintiffs,** | § | |
| | § | Montgomery County - DC - County Court at Law #2 |
| | § | |
| **vs.** | § | **MONTGOMERY COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS,** | § | |
| **Defendant.** | § | **____ JUDICIAL DISTRICT** |

## PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** Fernando & Laura Silva (hereinafter "Plaintiffs"), and complains of

State Farm Lloyds (hereinafter "State Farm"). In support of their claims and causes of action,

Plaintiffs would respectfully show the Court as follows:

### DISCOVERY LEVEL

1.      Plaintiffs intend for discovery to be conducted at Level 2, pursuant to Rule 190 of

the Texas Rules of Civil Procedure.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction to hear Plaintiffs' claims under Texas common law and

Texas statutory law. Inarguably, the amount in controversy exceeds the minimum jurisdictional

limits of this Court. Venue is also proper, as all or a substantial part of the events giving rise to

this suit occurred within the city of Conroe, in Montgomery County, Texas.

### PARTIES

3.      Plaintiffs are individuals whose residence is located in Conroe, Montgomery

County, Texas.

---

PLAINTIFFS FERNANDO & LAURA SILVA'S ORIGINAL PETITION                              Page 1

## *Exhibit A*

4.     State Farm Lloyds is a company engaged in the business of adjusting insurance claims. This includes Plaintiffs' insurance policy which is at issue in the present case.  State Farm may be served with Citation and a copy of this Petition, by serving it through its agent, Corporation Service Company, at its principal address, 211 E. 7th Street, Suite 620, Austin, Texas 78701, or wherever it may be found.

## BACKGROUND

5.     This matter revolves largely around a first party insurance dispute regarding the extent of damages and amount of loss suffered to the Plaintiffs' Property, which is located at 13 Ollerton Drive, Conroe, Texas 77303, (the "Property").   In addition to seeking economic and penalty based damages from State Farm, Plaintiffs also seek compensation from State Farm for damages caused by improperly investigating the extensive losses associated with this case.

6.     Plaintiffs own the Property.

7.     Prior to the occurrence in question, Plaintiffs purchased a residential insurance policy from State Farm to cover the Property at issue in this case for a loss due to storm-related events.  Plaintiffs' Property suffered storm-related damage. Through their residential policy, 53-CJB-8210, Plaintiffs was objectively insured for the subject loss by Defendant.

8.     On or around August 11, 2014, the Property suffered incredible damage due to storm related conditions.

9.     In the aftermath, Plaintiffs relied on State Farm to help begin the rebuilding process.   By and through their residential policy, Plaintiffs were objectively insured for the subject losses in this matter.

10.  Pursuant to their obligation as a policyholder, Plaintiffs made complete payment of all residential insurance premiums in a timely fashion.  Moreover, their residential policy covered Plaintiffs during the time period in question.

11.  Despite Plaintiffs' efforts, State Farm continually failed and refused to pay Plaintiffs in accordance with its promises under the Policy.

12.  Moreover, State Farm has failed to make any reasonable attempt to settle Plaintiffs' claims in a fair manner, although its liability to the Plaintiffs under the policy is without dispute.

13.  In the months following, Plaintiffs provided information to State Farm, as well as provided opportunities for State Farm to inspect the Property.  However, State Farm failed to conduct a fair investigation into the damage to the Property.  Moreover, State Farm failed to properly inspect the Property and its related damages, failed to properly request information, failed to properly investigate the claim, failed to timely evaluate the claim, failed to timely estimate the claim, and failed to timely and properly report and make recommendations in regard to Plaintiffs' claims.

14.  Despite State Farm's improprieties, Plaintiffs continued to provide information regarding the losses and the related claim to State Farm.  Further, Plaintiffs made inquiries regarding the status of the losses, and payments.  Regardless, State Farm failed and refused to respond to the inquiries, and failed to properly adjust the claim and the losses.  As a result, to this date, Plaintiffs have not received proper payment for their claim, even though notification was provided.

15.  State Farm has failed to explain the reasons for failing to offer adequate compensation for the damage to the Property.  State Farm has furthermore failed to offer Plaintiffs adequate compensation without any explanation why full payment was not being made.

State Farm did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the policy.

16.    State Farm has further failed to affirm or deny coverage within a reasonable time. Plaintiffs also did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from State Farm in a timely manner.

17.    State Farm has, to date, refused to fully compensate Plaintiffs under the terms of the policy for which Plaintiffs paid, even though it was State Farm that failed to conduct a reasonable investigation. Ultimately, State Farm performed a result-oriented investigation of Plaintiffs' claims that resulted in an unfair, biased and inequitable evaluation of Plaintiffs' losses.

18.    State Farm has failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claims, beginning an investigation of Plaintiffs' claims, and requesting all information reasonably necessary to investigate Plaintiffs' claims within the time period mandated by statute.

19.    As a result of the above issues, Plaintiffs did not receive the coverage for which they had originally contracted with State Farm. Unfortunately, Plaintiffs have, therefore, been forced to file this suit in order to recover damages arising from the above conduct, as well as overall from the unfair refusal to pay insurance benefits.

20.    In addition, State Farm has failed to place adequate and proper coverage for Plaintiffs causing Plaintiffs to suffer further damages. As indicated below, Plaintiffs seek relief under the common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

## CONDITIONS PRECEDENT

21.    All conditions precedent to recovery by Plaintiffs have been met or has occurred.

## AGENCY

22. All acts by State Farm were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of State Farm and/or were completed in its normal and routine course and scope of employment with State Farm.

## CLAIMS AGAINST DEFENDANT

23. Plaintiffs hereby incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

### A.
### NEGLIGENCE

24. State Farm had and owed a legal duty to Plaintiffs to properly adjust the structural and property damage and other insurance losses associated with the Property. State Farm breached this duty in a number of ways, including but not limited to the following:

> a. State Farm was to exercise due care in adjusting and paying policy proceeds regarding Plaintiffs' Property loss;
>
> b. State Farm had a duty to competently and completely handle and pay all damages associated with Plaintiffs' Property; and/or
>
> c. State Farm failed to properly complete all adjusting activities associated with Plaintiffs.

25. State Farm's acts, omissions, and/or breaches did great damage to Plaintiffs, and were a proximate cause of Plaintiffs' damages.

### B.
### BREACH OF CONTRACT

26. Plaintiffs hereby incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

27.     According to the policy that Plaintiffs purchased, State Farm had the absolute duty to investigate Plaintiffs' damages, and to pay Plaintiffs' policy benefits for the claims made due to the extensive storm-related damages.

28.     As a result of the storm-related event, Plaintiffs suffered extreme external and internal damages.

29.     Despite objective evidence of such damages, State Farm has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiffs benefits relating to the cost to properly repair Plaintiffs' Property, as well as for related losses. As a result of this breach, Plaintiffs have suffered actual and consequential damages.

## C.
## VIOLATIONS OF TEXAS DECEPTIVE TRADE PRACTICES ACT AND TIE-IN-STATUTES

30.     Plaintiffs hereby incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

31.     State Farm's collective actions constitute violations of the DTPA, including but not limited to, Sections 17.46(b) (12), (14), (20), (24), and Section 17.50(a) (4) of the Texas Business & Commerce Code. State Farm collectively engaged in false, misleading, or deceptive acts or practices that included, but were not limited to:

> a.     Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;
>
> b.     Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction;
>
> c.     Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into

PLAINTIFFS FERNANDO & LAURA SILVA'S ORIGINAL PETITION                                      Page 6

which the consumer would not have entered had such information been disclosed;

d.  Using or employing an act or practice in violation of the Texas Insurance Code;

e.  Unreasonably delaying the investigation, adjustment and resolution of Plaintiffs' claim;

f.  Failure to properly investigate Plaintiffs' claim; and/or

g.  Hiring and relying upon a biased engineer and/or adjuster to obtain a favorable, result-oriented report to assist State Farm in low-balling and/or denying Plaintiffs' damage claim.

32.  As described in this Original Petition, State Farm represented to Plaintiffs that their insurance policy and State Farm's adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(5) of the DTPA.

33.  As described in this Original Petition, State Farm represented to Plaintiffs that its insurance policy and State Farm's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of Section 17.46 (b)(7) of the DTPA.

34.  By representing that State Farm would pay the entire amount needed by Plaintiffs to repair the damages caused by the storm-related event and then not doing so, State Farm has violated Sections 17.46 (b)(5), (7) and (12) of the DTPA.

35.  State Farm has breached an express warranty that the damage caused by the storm-related event would be covered under the subject insurance policies. This breach entitles Plaintiffs to recover under Sections 17.46 (b) (12) and (20) and 17.50 (a) (2) of the DTPA.

36. State Farm's actions, as described herein, are unconscionable in that it took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. State Farm's unconscionable conduct gives Plaintiffs the right to relief under Section 17.50(a)(3) of the DTPA.

37. State Farm's conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance in violation of Section 17.50 (a) (4) of the DTPA.

38. Plaintiffs are consumers, as defined under the DTPA, and relied upon these false, misleading, or deceptive acts or practices made by State Farm to their detriment. As a direct and proximate result of State Farm's collective acts and conduct, Plaintiffs have been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiffs now sue. All of the above-described acts, omissions, and failures of State Farm are a producing cause of Plaintiffs' damages that are described in this Original Petition.

39. Because State Farm's collective actions and conduct were committed knowingly and intentionally, Plaintiffs are entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages, for State Farm having knowingly committed its conduct. Additionally, Plaintiffs are ultimately entitled to recover damages in an amount not to exceed three times the amount of mental anguish and actual damages due to State Farm having intentionally committed such conduct.

40. As a result of State Farm's unconscionable, misleading, and deceptive actions and conduct, Plaintiffs have been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on their behalf. Accordingly, Plaintiffs also seek to recover their

costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code, as well as any other such damages to which Plaintiffs may show themselves to be justly entitled at law and in equity.

## D.
## VIOLATIONS OF TEXAS INSURANCE CODE

41.     Plaintiffs hereby incorporate by reference all facts and circumstances set forth within the foregoing paragraphs.

42.     State Farm's actions constitute violations of the Texas Insurance Code, including but not limited to, Article 21.21 Sections 4(10) (a) (ii), (iv), and (viii) (codified as Section 541.060), Article 21.21 Section 11(e) (codified as Section 541.061), and Article 21.55 Section 3(f) (codified as Section 542.058).  Specifically, State Farm engaged in certain unfair or deceptive acts or practices that include, but are not limited to the following:

> a.     Failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

> b.     Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;

> c.     Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

> d.     Forcing Plaintiffs to file suit to recover amounts due under the policy by refusing to pay all benefits due;

> e.     Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code; and/or

> f.     Failing to pay a valid claim after receiving all reasonably requested and required items from the claimant.

43.     Plaintiffs are the insured or beneficiary of a claim which was apparently valid as a result of the unauthorized acts of State Farm, and Plaintiffs relied upon these unfair or deceptive acts or practices by State Farm to their detriment. Accordingly, State Farm became the insurer of Plaintiffs.

44.     As a direct and proximate result of State Farm's acts and conduct, Plaintiffs have been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which they now sue.

45.     Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because State Farm's actions and conduct were committed knowingly and intentionally, Plaintiffs are entitled to recover, in addition to all damages described herein, mental anguish damages and additional damages in an amount not to exceed three times the amount of actual damages, for State Farm having knowingly committed such conduct. Additionally, Plaintiffs are entitled to recover damages in an amount not to exceed three times the amount of mental and actual damages for State Farm having intentionally committed such conduct.

46.     As a result of State Farm's unfair and deceptive actions and conduct, Plaintiffs have been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on their behalf.     Accordingly, Plaintiffs also seeks to recover their costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code or Article 21.21 Section 16(b) (1) (codified as Section 541.152) of the Texas Insurance Code and any other such damages to which Plaintiffs may show themselves justly entitled by law and in equity.

### E.
## BREACH OF THE COMMON-LAW DUTY
## OF GOOD FAITH AND FAIR DEALING

47.    Plaintiffs hereby incorporate by reference all facts and circumstances in the foregoing paragraphs.

48.    By its acts, omissions, failures and conduct, State Farm has breached its common law duty of good faith and fair dealing by denying Plaintiffs' claims or inadequately adjusting and making an offer on Plaintiffs' claims without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.

49.    State Farm has also breached this duty by unreasonably delaying payment of Plaintiffs' entire claims and by failing to settle Plaintiffs' claims, as State Farm knew or should have known that it was reasonably clear that Plaintiffs' storm-related claims were covered. These acts, omissions, failures, and conduct by State Farm is a proximate cause of Plaintiffs' damages.

### F.
## BREACH OF FIDUCIARY DUTY

50.    Plaintiffs hereby incorporate by reference all facts and circumstances in the foregoing paragraphs.

51.    State Farm had a fiduciary relationship, or in the alternative, a relationship of trust and confidence with Plaintiffs. As a result, State Farm owed a duty of good faith and fair dealing to Plaintiffs. State Farm breached that fiduciary in that:

        a.    The transaction was not fair and equitable to Plaintiffs;

        b.    State Farm did not make reasonable use of the confidence that Plaintiffs placed upon it;

c.   State Farm did not act in the utmost good faith and did not exercise the most scrupulous honesty toward Plaintiffs;

d.   State Farm did not place the interests of Plaintiffs before its own, and State Farm used the advantage of its position to gain a benefit for itself, at Plaintiffs' expense;

e.   State Farm placed itself in a position where its self-interest might conflict with its obligations as a fiduciary; and/or

f.   State Farm did not fully and fairly disclose all important information to Plaintiffs concerning the sale of the policy.

52.   State Farm is liable for Plaintiffs' damages for breach of fiduciary duty, as such damages were objectively caused by State Farm's conduct.

## G.
## UNFAIR INSURANCE PRACTICES

53.   Plaintiffs hereby incorporate by reference all facts and circumstances in the foregoing paragraphs.

54.   Plaintiffs have satisfied all conditions precedent to bringing these causes of action. By its acts, omissions, failures, and conduct, State Farm has engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code.

55.   Such violations include, without limitation, all the conduct described in this Original Petition, plus State Farm's failure to properly investigate Plaintiffs' claims. Plaintiffs also include State Farm's unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claims and State Farm's failure to pay for the proper repair of Plaintiffs' Property, as to which State Farm's liability had become reasonably clear.

56.   Additional violations include State Farm's hiring of and reliance upon biased adjusters and/or engineers to obtain favorable, result-oriented reports to assist it in low-balling

and denying Plaintiffs' storm-related damage and related claims. Plaintiffs further include State Farm's failure to look for coverage and give Plaintiffs the benefit of the doubt, as well as State Farm's misrepresentations of coverage under the subject insurance policy. Specifically, State Farm is also guilty of the following unfair insurance practices:

a. Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

b. Engaging in unfair claims settlement practices;

c. Misrepresenting to Plaintiffs pertinent facts or policy provisions relating to the coverage at issue;

d. Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claims as to which State Farm's liability had become reasonably clear;

e. Failing to affirm or deny coverage of Plaintiffs' claims within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiffs;

f. Refusing to pay Plaintiffs' claims without conducting a reasonable investigation with respect to the claims; and/or

g. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

57.    State Farm has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. State Farm's conduct as described herein has resulted in Plaintiffs' damages that are described in this Original Petition.

## H.
## MISREPRESENTATION

58.    Plaintiffs hereby incorporate by reference all facts and circumstances in the foregoing paragraphs.

59.     State Farm is liable to Plaintiffs under the theories of intentional misrepresentation, or in the alternative, negligent misrepresentation. Essentially, State Farm did not inform Plaintiffs of certain exclusions in the policy. Misrepresentations were made with the intention that they should be relied upon and acted upon by Plaintiffs who relied on the misrepresentations to their detriment. As a result, Plaintiffs have suffered damages, including but not limited to loss of the Property, loss of use of the Property, mental anguish and attorney's fees. State Farm is liable for these actual consequential and penalty-based damages.

## I.
## COMMON-LAW FRAUD BY NEGLIGENT MISREPRESENTATION

60.     Plaintiffs hereby incorporate by reference all facts and circumstances in the foregoing paragraphs.

61.     Plaintiffs would show that State Farm perpetrated fraud by misrepresentation (either intentionally or negligently) by falsely representing a fact of materiality to Plaintiffs, who relied upon such representations that ultimately resulted in their injuries and damages. Alternatively, State Farm fraudulently concealed material facts from Plaintiffs, the result of which caused damage to Plaintiffs as a result of the storm-related damages.

62.     Specifically, and as a proximate cause and result of this fraudulent concealment, fraud and negligent misrepresentation, all of which was perpetrated without the knowledge or consent of Plaintiffs, Plaintiffs have sustained damages far in excess of the minimum jurisdictional limits of this Court.

63.     By reason of Plaintiffs' reliance on State Farm fraudulent representations, negligent misrepresentations and/or fraudulent concealment of material facts as described in this complaint, Plaintiffs have suffered actual damages for which they now sue.

64.     Plaintiffs further allege that because State Farm knew that the misrepresentations made to Plaintiffs were false at the time they were made, such misrepresentations are fraudulent, negligent or grossly negligent on the part of State Farm, and constitute conduct for which the law allows the imposition of exemplary damages.

65.     In this regard, Plaintiffs will show that they have incurred significant litigation expenses, including attorneys' fees, in the investigation and prosecution of this action.

66.     Accordingly, Plaintiffs requests that penalty damages be awarded against State Farm in a sum in excess of the minimum jurisdictional limits of this Court.

## WAIVER AND ESTOPPEL

67.     Plaintiffs hereby incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

68.     State Farm has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiffs.

## DAMAGES

69.     State Farm's acts have been the producing and/or proximate cause of damage to Plaintiffs, and Plaintiffs seek an amount in excess of the minimum jurisdictional limits of this Court.

70.     More specifically, Plaintiffs seek monetary relief over $100,000 but not more than $200,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

## ADDITIONAL DAMAGES & PENALTIES

71.     State Farm's conduct was committed knowingly and intentionally. Accordingly, State Farm is liable for additional damages under the DTPA, section 17.50(b) (1), as well as all operative provisions of the Texas Insurance Code. Plaintiffs are, thus, clearly entitled to the 18% damages allowed by the Texas Insurance Code.

## ATTORNEY FEES

72.     In addition, Plaintiffs are entitled to all reasonable and necessary attorneys' fees pursuant to the Texas Insurance Code, DTPA, and sections 38.001-.005 of the Civil Practice and Remedies Code.

## JURY DEMAND

73.     Plaintiffs demand a jury trial and tenders the appropriate fee with this Original Petition.

## REQUEST FOR DISCLOSURE

74.     Pursuant to the Texas Rules of Civil Procedure, Plaintiffs request that State Farm disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within 50 days of this request.

## REQUEST FOR PRODUCTION

75.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following Requests for Production.

        a.     Please identify any person State Farm expects to call to testify at the time of trial.

        b.     Please identify the persons involved in the investigation and handling of Plaintiff's claims for insurance benefits arising from damage relating to the underlying event, claims or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

c.   If State Farm or State Farm's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by State Farm or any of State Farm's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

d.   Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of State Farm's investigation.

e.   Please state the following concerning notice of claims and timing of payment:

i.   The date and manner in which State Farm received notice of the claim;

ii.   The date and manner in which State Farm acknowledged receipt of the claim;

iii.   The date and manner in which State Farm commenced investigation of the claim;

iv.   The date and manner in which State Farm requested from the claimant all items, statements, and forms that State Farm reasonably believed, at the time, would be required from the claimant; and

v.   The date and manner in which State Farm notified the claimant in writing of the acceptance or rejection of the claim.

f.   Please identify by date, amount and reason, the insurance proceed payments made by State Farm, or on State Farm's behalf, to the Plaintiff.

g.   Have Plaintiff's claims for insurance benefits been rejected or denied in full or in part? If so, state the reasons for rejecting/denying the claim.

h.   When was the date State Farm anticipated litigation?

i.   Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claims for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe State Farm's document retention policy.

j.   Does State Farm contend that the insured premises was damaged by storm-related events and/or any excluded peril? If so, state the general factual basis for this contention.

k.   Does State Farm contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

l. Does State Farm contend that the Plaintiff failed to satisfy any condition precedent or covenant of the policy in any way? If so, state the general factual basis for this contention.

m. How is the performance of the adjuster(s) involved in handling Plaintiff's claims evaluated? State the following:

        i. what performance measures are used; and

        ii. describe State Farm's bonus or incentive plan for adjusters.

## CONCLUSION

77. Plaintiffs pray that judgment be entered against State Farm Lloyds, and that Plaintiffs be awarded all of their actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray they be awarded all such relief to which they are due as a result of the acts of State Farm Lloyds, and for all such other relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

**THE VOSS LAW FIRM, P.C.**

*//s/ Clayton Hardin*

Bill L. Voss
Texas Bar No. 24047043
Scott G. Hunziker
State Bar No. 24032446
Clayton Hardin
State Bar No. 24090144
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile: (713) 861-0021
bill.voss@vosslawfirm.com
scott@vosslawfirm.com
clayton@vosslawfirm.com

**ATTORNEYS FOR PLAINTIFFS**

**Compass Claims**
**26619 Interstate 45**
**Suite 102B**
**The Woodlands, TX 77380**





7015 1520 0003 4719 1413

State Farm Lloyds
c/o Corporation Service Company
211 East 7th Street, Suite 620
Austin, TX 78701

Received and E-Filed for Record
8/20/2013 10:51:15 AM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

# CITATION

### Cause Number: 15-07-07348

Clerk of the Court                    Attorney Requesting Service
Barbara Gladden Adamick               Clayton Hardin
P.O Box 2985                          26619 I-45 S
Conroe, Texas 77305                   The Woodlands TX  77380

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued.  You may employ an attorney.  If
you or your attorney do not file a written answer with the clerk who
issued this citation by 10:00 a.m. on the Monday next following the
expiration of twenty days after you were served this citation and
petition, a default judgment may be taken against you.

To:  State Farm Lloyds
     Registered Agent, Corporation Service Company
     211 E 7th ST STE 620
     Austin TX 78701

You are hereby commanded to appear by filing a written answer to the
Plaintiffs' Original Petition at or before 10:00 A.M. of the Monday next
after the expiration of twenty days after the date of service of this
citation before the Honorable County Court at Law #2 Montgomery County,
Texas at the Courthouse of said County in Conroe, Texas.

Said Plaintiffs' Original Petition was filed in said court on this the
21st day of July, 2015 numbered 15-07-07348 on the docket of said court,
and styled, Fernando Silva, Laura Silva VS. State Farm Lloyds

The nature of plaintiff's demand is fully shown by a true and correct copy
of Plaintiffs' Original Petition accompanying this citation and made a
part hereof.

The officer executing this writ shall promptly serve the same according to
requirements of law, and the mandates thereof, and make due return as the
law directs.

Issued and given under my hand and seal of said Court at Conroe, Texas on
this the 23rd day of July, 2015.

                              Barbara Gladden Adamick, District Clerk
        (SEAL)                Montgomery County, Texas

                    By: _____
                              Stella Luton, Deputy

# OFFICER'S RETURN

Cause No. 15-07-07348                    Court No: County Court at Law #2
Style: Fernando Silva, Laura Silva VS. State Farm Lloyds
To: State Farm Lloyds
Address: Registered Agent, Corporation Service Company
         211 E 7th ST STE 620
         Austin TX  78701

Came to hand the _29th_ day of _July_ , 20_15_ , at _9:00 AM_ o'clock, and
executed in _TRAVIS_ County, Texas by delivering to each of the
within named defendants ~~in person~~ _by mail_ a true copy of this citation with the
date of delivery endorsed thereon, together with the accompanying copy of
the Plaintiffs' Original Petition, at the following times and places, to
wit:

| Name | Date/Time | Place, Course and distance from Courthouse |
|---|---|---|
| _State Farm Lloyds_ | _8/3/15 @ 10:27am_ | _211 E. 7th St._ |

Manner of service: _____

*And not executed as to the defendants(s)
The diligence used in finding said defendant(s) being:  _Mail_

_____

And the cause of failure to execute this process is:

_____

And information received as to the whereabouts of said defendant(s) being:

_____

FEES:
Serving Petition and Copy       $ _65-_
TOTAL                           $ _____

                                              **OFFICER**
                                _Montgomery_ County, Texas
                            By: _David Voss_ Deputy

## AFFIANT

Complete if you are a person other than a Sheriff, Constable, or Clerk of the Court. In
accordance with Rule 107: the officer, or authorized person who services, or attempts to
serve a citation shall sign and return. The return must either be verified or be signed
under penalty of perjury. A return signed under penalty of perjury must contain the
statement below in substantially the following form:

My full name is _David M. Voss_ my date of birth is _10/24/73_ , and my
address is _115 South Merryweather Circle_
_Conroe, Texas 77384_ .
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT
Executed in _TRAVIS_ , County,  State of _TEXAS_ , on the _3rd_ day of
_August_ , 20_15_ .

                                        _David Voss_
                            Declarant/Authorized Process Server
                            _#9889_          _8/31/15_
                            ID# & Exp. Of Certification

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

State Farm Lloyds
c/o Corporation Service Company
211 East 7th Street, Suite 620
Austin, TX 78701

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____    ☐ Agent
                             ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
                                 AUG 03 2014

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☑ Certified Mail®    ☐ Priority Mail Express™
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)

   7015 1520 0003 4719 1413

PS Form 3811, July 2013         Domestic Return Receipt

---

**U.S. Postal Service**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery  $

Postage
$

Total Postage and Fees
$

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

Postmark
Here

7015 1520 0003 4719 1413

English          Customer Service          USPS Mobile                                    Register / Sign In

## ◥≡USPS.COM

# USPS Tracking®

 **Customer Service ›**
Have questions? We're here to help.

 **Get Easy Tracking Updates ›**
Sign up for My USPS.

Tracking Number: **70151520000347191413**

Updated Delivery Day: **Tuesday, August 4, 2015**

## Product & Tracking Information                    Available Actions

**Postal Product:**              **Features:**
                                 Certified Mail™                          Text Updates

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
|  |  | Email Updates |
| **August 3, 2015 , 10:27 am** | Delivered | **AUSTIN, TX 78744** |

Your item was delivered at 10:27 am on August 3, 2015 in AUSTIN, TX 78744

| August 3, 2015 , 10:27 am | Available for Pickup | AUSTIN, TX 78744 |
| August 3, 2015 , 10:25 am | Sorting Complete | AUSTIN, TX 78744 |
| August 3, 2015 , 10:19 am | Arrived at Unit | AUSTIN, TX 78744 |
| August 1, 2015 , 11:46 pm | Departed USPS Facility | AUSTIN, TX 78710 |
| August 1, 2015 , 12:37 pm | Arrived at USPS Facility | AUSTIN, TX 78710 |
| July 31, 2015 , 11:28 pm | Arrived at USPS Facility | NORTH HOUSTON, TX 77315 |

## Track Another Package                         Manage Incoming Packages

**Tracking (or receipt) number**                   Track all your packages from a dashboard.
                                                    No tracking numbers necessary.
[                                    ]   Track It    Sign up for My USPS ›



Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

CAUSE NO. 15-07-07348

| | | |
|---|---|---|
| **FERNANDO & LAURA SILVA** | § | **IN THE COUNTY COURT AT LAW** |
| | § | |
| **VS.** | § | **COURT #2** |
| | § | |
| **STATE FARM LLOYDS** | § | **MONTGOMERY COUNTY, TEXAS** |

### DEFENDANT STATE FARM LLOYDS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, STATE FARM LLOYDS (hereinafter, "State Farm"), Defendant in the above-entitled and numbered cause, and files its Original Answer to the allegations contained in Plaintiffs' Original Petition, and all subsequent amended or supplemental petitions filed against it and would show as follows:

## I.
## GENERAL DENIAL

**1.** Defendant State Farm generally denies all of the material allegations contained in Plaintiffs' Original Petition, and any amendments thereto, and demands strict proof thereof as allowed under the laws of the State of Texas. By this general denial, State Farm would require Plaintiffs to prove every fact to support the claims in Plaintiffs' Original Petition, and any amendments thereto, by a preponderance of the evidence.

## II.
## DEFENSES

**2.** **Policy Coverage Provisions.** Under the Insuring Agreement, Plaintiffs bear the burden to prove damage resulting from an occurrence of accidental direct physical loss to the insured property during the policy period. Plaintiffs lack proof that any additional damages resulted from any accidental direct physical loss during the policy period.

**3.**      **Payment.**  State Farm is entitled to an offset or credit against Plaintiffs' damages, if any, in the amount of all payments State Farm has made to or on behalf of Plaintiffs under the policy in connection with the damages and the insurance claim that give rise to Plaintiffs' claims in this lawsuit.

**4.**      **Deductible/Offset.**  State Farm is entitled to on offset or credit against Plaintiffs' damages, if any, in the amount of Plaintiffs' deductible.

**5.**      **Limit of Liability.**  State Farm's liability, if any, is limited to the amount of the policy limits under the subject policy, pursuant to the "Limit of Liability" and other clauses contained in the policy sued upon.

**6.**      **Failure of Policy Considerations/Conditions Precedent.**  Defendant hereby asserts all conditions of the policy at issue including but not limited to all terms, deductibles, limitations on coverage, exclusions set out in the Policy, and all "duties after loss."  Specifically, Plaintiffs have failed to satisfy the conditions of the policy requiring Plaintiffs to protect the property from further damage, which reads as follows:

**SECTION I – CONDITIONS**

\*   \*   \*   \*   \*

2.      **Your Duties After Loss**. After a loss to which this insurance may apply, you shall see that the following duties are performed:

     a.      give immediate notice to us or our agent…

     b.      protect the property from further damage or loss, make reasonable and necessary temporary repairs required to protect the property, keep an accurate record of repair expenditures;

\*   \*   \*   \*   \*

     d.      as often as we reasonably require:

         (1)      exhibit the damaged property;

2

>    (2)    provide us with records and documents we request and permit us to make copies;

Plaintiffs cannot recover, in whole or in part, on Plaintiffs' breach of contract cause of action, and consequently on all of the other causes of action alleged in Plaintiffs' Original Petition because of Plaintiffs' failure to satisfy the conditions precedent contained in the policy at issue.

**7.    Pre-Existing Damages.**  Plaintiffs' claims are barred, in whole or in part, because the damages and losses alleged in Plaintiffs' Original Petition, none being admitted, pre-existed the alleged occurrence.

**8.    Normal Wear and Tear.**  Plaintiffs' claims are barred, in whole or in part, because the damages and losses alleged in Plaintiffs' Original Petition, none being admitted, were proximately caused, in whole or in part, by normal wear and tear.  The policy at issue specifically provides:

### SECTION I – LOSSES NOT INSURED

> 1.    We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

*  *  *  *  *

> g.    wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;
>
> h.    corrosion, electrolysis or rust;
>
> i.    wet or dry rot;

*  *  *  *  *

3

l.     settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs or ceilings;

\*   \*   \*   \*   \*

Plaintiff has claimed "storm-related" damage that resulted, in whole or in part, from and appears to have occurred over time as a result of age and deterioration, including wear, tear, deterioration, corrosion, rust, wet or dry rot, cracking and/or shrinking over time, which condition is specifically excluded under the policy at issue.

**9.**    **Bona Fide/Legitimate Dispute.**  A bona fide legitimate dispute exists precluding Plaintiffs' recovery of damages under extra-contractual theories including the common law duty of good faith and fair dealing, and for violations of the Texas Insurance Code or any other statutory or common law authority.

**10.**    **Cap on Punitive Damages.**  Texas Civil Practice and Remedies Code §41.001, *et. seq.,* applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and common law.  Further, unless Plaintiffs prove Defendant's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

**11.**    **Chapter 38 Attorney's Fees.**  Plaintiffs cannot recover attorney's fees from Defendant under Chapter 38 of the Texas Civil Practice and Remedies Code.  "A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for. . .(8) an oral or written contract." Tex. Civ. Prac. & Rem. Code § 38.001(8).  Defendant State Farm Lloyds is an unincorporated association of underwriters; therefore, Chapter 38 does not apply to Defendant State Farm Lloyds. *See Fleming*

4

*& Assocs., L.L.P. v. Barton,* 425 S.W.3d 560, 575 (Tex. App.—Houston [14th Dist.] 2014, pet.

filed).

### III.
### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant STATE FARM LLOYDS

prays that it be released and discharged of all claims brought against it, that Plaintiffs take

nothing by reason of this suit, and for such other and further relief, general or special, at law or in

equity, including taxable costs, to which Defendant is entitled.

Respectfully submitted,

**GERMER PLLC**

By: _____
**DALE M. "RETT" HOLIDY**
State Bar No. 00792937
Three Allen Center
333 Clay Street, Suite 4950
Houston, Texas 77002
(713) 650-1313 - Telephone
(713) 739-7420 – Facsimile
rholidy@germer.com - Email

**ATTORNEYS FOR DEFENDANT,
STATE FARM LLOYDS**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served
on all counsel of record on this 21st day of August, 2015.

_____
**DALE M. "RETT" HOLIDY**

5

Skip to Main Content  Logout  My Account  My Cases  Search Menu  New Civil Search  Refine Search  Back

Location : All Courts    Images  Help

# REGISTER OF ACTIONS
## CASE NO. 15-07-07348

| | | |
|---|---|---|
| Fernando Silva, Laura Silva VS. State Farm Lloyds | § § § § § | **Case Type:** **Contract** **Consumer/Comm/Debt >$100,000 but <$200,000** **Date Filed:** 07/21/2015 **Location:** County Court at Law #2 |

---

### PARTY INFORMATION

| | | | |
|---|---|---|---|
| | | | **Attorneys** |
| Defendant | **State Farm Lloyds** | | **Dale M. Holidy** |
| | Austin, TX 78701 | | *Retained* |
| | | | 713.650.1313(W) |
| | | | |
| Plaintiff | **Silva, Fernando** | | **Clayton Hardin** |
| | | | *Retained* |
| | | | 713-861-0015(W) |
| | | | |
| Plaintiff | **Silva, Laura** | | **Clayton Hardin** |
| | | | *Retained* |
| | | | 713-861-0015(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 07/21/2015 | **Original Petition (OCA)** | | |
| 07/21/2015 | **E-Filed Original Petition Document** | | |
| 07/21/2015 | **Civil Case Information Sheet** | | |
| 07/21/2015 | **Letters** | | |
| 07/21/2015 | **Jury Trial Requested** | | |
| 07/21/2015 | **Jury Fee Paid** | | |
| 07/23/2015 | **Citation** | | |
| | State Farm Lloyds | Served | 08/03/2015 |
| | | Returned | 08/14/2015 |
| 08/14/2015 | **Return of Citation** | | |
| 08/21/2015 | **Original Answer** | | |
| 02/01/2016 | **Bench Trial**  (9:00 AM) (Judicial Officer Laird, Claudia) | | |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| | **Plaintiff** Silva, Fernando | | |
| | Total Financial Assessment | | 334.00 |
| | Total Payments and Credits | | 334.00 |
| | **Balance Due as of 08/27/2015** | | **0.00** |
| | | | |
| 07/21/2015 | Transaction Assessment | | 334.00 |
| 07/21/2015 | E-File Electronic Payment  Receipt # 2015-50876 | Silva, Fernando | (334.00) |